UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 14-cr-197-pp

YANDI PONCE DE LEON,

        Defendant.

---

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
(DKT. NO. 339)**

---

On October 21, 2014, the grand jury returned an indictment against the defendant and several others. Dkt. No. 30. There was a forfeiture count in the indictment, it indicated that the government intended to forfeit "[a]pproximately $4,830.00 in United States currency seized from Yandi Ponce de Leon on October 8, 2014." Id. at 11.

On October 7, 2015, the defendant signed a plea agreement. Dkt. No. 188 at 16. His lawyer also signed the plea agreement on that date. Id. The facts in support of the plea agreement stated that the defendant had hired someone to kill another person, and that he had been collecting money to pay the hitman and sending money to people for that purpose. Id. at 23. Paragraph 32 of the plea agreement stated that the defendant agreed that all of the properties listed in the forfeiture provision of the indictment "constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such

1

offense;" the paragraph said that the defendant agreed to the forfeiture of that property. Id. at 10, ¶32.

The defendant appeared in court on October 20, 2015 and entered his guilty plea. Dkt. No. 192. In other words, he pled guilty over a year after he was indicted. He did not, during that year, object to the forfeiture provision in the indictment, and he signed a plea agreement saying that he agreed to the forfeiture. He was sentenced on June 14, 2016, dkt. no. 244; he still had not objected to the forfeiture at that time.

On September 4, 2018—almost four years after he was indicted, and three years after he entered his guilty plea—the defendant filed a motion asking the court to require the government to return the $4,830. Dkt. No. 336. The motion claimed that the money had not been listed in the indictment, and that he'd not agreed to forfeiture in the plea agreement. Id. On September 6, 2018, the court denied the motion, explaining to the defendant that the indictment *had* listed the money, and that the defendant *had* agreed to forfeiture in the plea agreement. Dkt. No. 337.

On October 9, 2018, the court received the current motion to alter or amend the judgment. Dkt. No. 339. The defendant made this motion under Fed. R. Civ. P. 59(e). Id. at 1. He says his lawyer never explained to him that he'd agreed to forfeiture of the money, and that if he had known, he would have asked his lawyer to negotiate for return of the money. Id. at 2. The court will deny this motion.

This is a criminal case. Fed. R. Civ. P. 59(e) does not apply—that applies only in *civil* cases. There is a Rule 59 in the Federal Rules of Criminal Procedure, called "New Trial; Altering or Amending a Judgment." Fed. R. Crim. P. 59(e) requires a defendant to file a motion to alter or amend the judgment "no later than 28 days after the entry of the judgment." The court entered judgment in this case on June 17, 2016, dkt. no. 358; the defendant's October 19, 2018 motion is over two years too late.

There are ways for a criminal defendant to challenge his conviction, sentence or some other part of his criminal proceedings. For example, he can appeal the conviction or sentence. Fed. R. App. P. 4(b)(1)(A) says that a defendant must file a notice of appeal in a criminal case within fourteen days of the entry of the judgment. That time has passed in this case. Under some circumstances, a federal criminal defendant also may attack his conviction or sentence through a "*habeas corpus*" petition, by filing a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. There are time deadlines for filing motions under §2255; the defendant should consult §2255(f) for those guidelines.

The court **DENIES** the defendant's motion to alter or amend the judgment. Dkt. No. 339.

Dated in Milwaukee, Wisconsin this 12th day of October, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**